Ryan C. Bullock, #12044　　　　rcbullock@strongandhanni.com
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

Jason W. McElroy　　　　　　　mcelroy@thewbkfirm.com
Brian M. Serafin　　　　　　　　serafin@thewbkfirm.com
*Pro Hac Vice Admission Pending*
WEINER BRODSKY KIDER, PC
1300 19th Street NW 5th Floor
Washington DC 20036
Telephone: (202) 328-2000
Facsimile: (202) 628-2011

*Attorneys for Plaintiff RANLife, Inc.*

## IN THE UNITED STATES DISTRICT COURT,

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RANLIFE, INC., a Utah corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation,<br><br>　　Defendant. | **COMPLAINT**<br><br>Case No.: 2:21-cv-00268<br><br>Magistrate Judge Dustin B. Peak |

　　　　Plaintiff RANLife, Inc. ("RANLife"), by and through its undersigned counsel, hereby for

cause of action alleges and complains against Defendant Experian Information Solutions, Inc.

("Experian") as follows:

## PARTIES

1.) Plaintiff Ranlife is a corporation organized under the laws of Utah with its principal place of business in Utah.

2.) Upon information and belief, Defendant Experian is a corporation organized under the laws of Ohio with its principal place of business in California.

## JURISDICTION AND VENUE

3.) This Court has jurisdiction over this case as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.) The Court has personal jurisdiction over Defendant consistent with Utah's long-arm statute, Utah Code Ann. § 78B-3-205, and the due process clause of the Fourteenth Amendment, because Experian has transacted business in Utah, has contracted to supply goods or services in Utah, has caused injury within the state of Utah, and has otherwise purposely availed itself of the privileges and benefits of the laws of the state of Utah, and is therefore subject to the jurisdiction of this Court.

5.) Experian has targeted its unlawful acts or omissions at Ranlife in the state of Utah.

6.) This Court's exercise of jurisdiction over Experian is consistent with the Constitution of the United States and the Constitution of Utah.

7.) Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims here occurred in Utah.

# FACTUAL ALLEGATIONS

*Loan Servicing and Credit Reporting*

8.)	Ranlife is, among other things, a residential mortgage lender and loan servicer.

9.)	Ranlife has been in business for more than 18 years and is licensed to operate in many states, including Utah.

10.)	In many cases, after originating a new mortgage loan, Ranlife sells the loan to a third-party while maintaining the servicing rights for the loan.

11.)	As a loan servicer, Ranlife generally serves as the borrower's point of contact regarding the loan, collects the borrower's mortgage payments, distributes those payments among the loan's owner and other persons and entities which may be entitled to receive parts of the payments (such as property insurers and taxing authorities), and takes other actions to protect the loan owner's interests with respect to the loan.

12.)	In exchange for performing these services as the loan's servicer, Ranlife receives fees and other payments from the loan's owner.

13.)	Ranlife services loans for, among others, the Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac").

14.)	Fannie Mae and Freddie Mac are two government-sponsored corporations which purchase and securitize mortgage loans from lenders like Ranlife in order to increase the supply of money available for mortgage lending, which in turn promotes home ownership in the United States by making it easier and less expensive for consumers to obtain mortgage loans.

15.)	Ranlife also services loans which are the basis for mortgage-backed securities that

3

are guaranteed by the Government National Mortgage Association ("Ginnie Mae"), which is a component of the U.S. Department of Housing and Urban Development.

16.) Ginnie Mae guarantees payments to investors for certain mortgage-backed securities to promote investment in mortgage-backed securities, which increases the supply of money available for mortgage lending and in turn promotes home ownership in the United States by making it easier and less expensive for consumers to obtain mortgage loans.

17.) For purposes of this Complaint, Ranlife will refer to Fannie Mae, Freddie Mac, and Ginnie Mae as the "GSEs."

18.) For purposes of this Complaint, Ranlife will refer to loans which are owned and/or securitized by the GSEs, and/or are the basis for securities guaranteed by the GSEs, as "GSE Loans."

19.) A large amount of the loans serviced by Ranlife are GSE Loans.

20.) Servicing GSE Loans earns Ranlife substantial revenue and profit due to the fees and other consideration Ranlife receives for servicing the GSE Loans.

21.) In order to service GSE Loans, a servicer must obtain approval from the GSEs and is required to meet certain criteria and standards set by the GSEs.

22.) Among other things, servicers for GSE Loans must report certain information about borrowers' loan payments to certain credit reporting agencies (CRAs).

23.) CRAs are entities which compile information about consumers related to, among other things, their creditworthiness. One component of creditworthiness is payment history for loans.

24.) Experian is one of the three largest CRAs in the United States.

25.) Experian possesses monopolistic power in the field of credit reporting across the entire United States, including in Utah, due to its significant and durable market power with respect to credit reporting.

26.) The GSEs require servicers for GSE Loans to report borrower payment histories to Experian.

27.) Entities which cannot report borrower payment information to Experian are not eligible to service GSE Loans.

28.) In order to report payment information to Experian, a loan servicer like Ranlife must obtain membership with Experian.

29.) Entities which do not have membership with Experian cannot report payment information to Experian.

*Experian Refuses to Allow Ranlife to Report Credit Information*

30.) In 2020, Ranlife applied for membership with Experian so that Ranlife could report credit information to Experian.

31.) Experian sent Ranlife an email denying Ranlife membership.

32.) Experian's rejection email did not provide any explanation as to why Ranlife was being denied membership.

33.) Ranlife requested additional information from Experian about why it was denied the ability to submit credit information to Experian.

34.) Experian refused to provide any further information or details as to why it rejected

5

Ranlife, and refused to provide any further information or details as to any corrective action Ranlife could take to in order to obtain membership.

*Experian's Unfair Practices and Improper Conduct*

35.)   Ranlife acts in full compliance with the Fair Credit Reporting Act ("FCRA"), and has not been subject to any lawsuits or enforcement actions related to compliance with FCRA.

36.)   Experian grants membership to numerous mortgage lenders and servicers who are similarly-situated to Ranlife, including mortgage lenders and servicers with worse track records than Ranlife with respect to legal compliance and reporting of accurate data to CRAs.

37.)   Because Experian does business with numerous mortgage lenders and servicers who are similarly-situated to Ranlife, Experian lacks any rational or appropriate basis to refuse to do business with Ranlife.

38.)   Experian's decision to reject Ranlife for membership is discriminatory, and is not based on any other lawful or legitimate reason.

39.)   Upon information and belief, Experian maintains a "blacklist" of companies with which it refuses to do business.

40.)   Upon information and belief, Experian has placed Ranlife on its blacklist.

41.)   Upon information and belief, Experian informs other persons and entities that it has placed Ranlife on this blacklist.

42.)   Upon information and belief, in informing other persons and entities that it has placed Ranlife on this blacklist, Experian makes statements orally or in writing about Ranlife which call into question Ranlife's honesty, integrity, ethics, law-abidance, reputation, and/or other

aspects of the Ranlife's business or character which purportedly warrant Ranlife being blacklisted, to the point that other persons and entities would not want to do business with Ranlife.

43.) Any statements which Experian makes about Ranlife to other persons and entities which call into question Ranlife's honesty, integrity, ethics, law-abidance, reputation, and/or other aspects of the company's business or character which purportedly warrant Ranlife being blacklisted, are false.

44.) Upon information and belief, Experian encourages other persons and entities not to do business with Ranlife, and/or refuses to do business with other persons and entities which do business with Ranlife.

45.) The credit information which Ranlife seeks to report to Experian is reliable and credible, and would comport with Experian's requirements with respect to ensuring the reliability and credibility of reported credit information.

46.) Ranlife would comply with all of Experian's requirements with respect to legal compliance (including FCRA), with respect to data privacy and data security, and with respect to all other requirements Experian places as conditions on companies which report credit information to Experian.

47.) Experian advertises its services, including the ability to accept credit reporting data, in the state of Utah.

48.) Experian markets itself as a company which endeavors to provide correct and accurate credit reporting data.

49.) By refusing to accept the reliable and credible credit information which Ranlife

seeks to submit to Experian, Experian is intentionally skewing the credit reporting information it maintains and is knowingly making such information less accurate and incomplete.

50.) Intentional skewing of the credit reporting information it maintains and knowingly making such information less accurate and incomplete harms persons who directly or indirectly rely on Experian's credit reporting data in making decisions about creditworthiness and the extension of credit, including Ranlife, as well as the consumers who are subject to such decisions.

## FIRST CAUSE OF ACTION

### (Utah Unfair Practices Act)

51.) Ranlife incorporates by reference the preceding paragraphs in this Complaint.

52.) Ranlife is engaged in commerce, including intrastate commerce in the State of Utah.

53.) Ranlife seeks to do business with Experian in the state of Utah, and would use Experian's products and services in the state of Utah.

54.) Ranlife seeks from Experian the same products and services which Experian offers on a non-discriminatory basis to others in Utah, including Ranlife's competitors.

55.) Experian discriminates against Ranlife in terms of the prices and services it offers, and the facilities it furnishes.

56.) Experian lacks any lawful reason for its discrimination against Ranlife.

57.) Experian's refusal to do business with Ranlife is a restraint of trade which lessens and prevents competition in the mortgage servicing industry.

58.) Experian discriminates in price against Ranlife, since it is unwilling to do business

with Ranlife at any price.

59.) Ranlife has been damaged by Experian's conduct since Ranlife is unable to do business with other entities which condition doing business on Ranlife entering into a contract with Experian.

60.) Ranlife has been damaged by Experian's conduct since Ranlife either cannot accept, or must pay to a third-party, fees which Ranlife would otherwise be able to earn if it had access to Experian's products and services.

61.) Experian possesses monopolistic power, since Ranlife and other business entities must purchase its products or services to engage in certain types of business, including doing business with the government and the GSEs.

62.) Experian's practices are anti-competitive, are unfair and discriminatory, and destroy or prevent fair and honest competition.

63.) Granting the relief sought by Ranlife would serve the beneficial purposes of Utah's Unfair Practices Act.

## SECOND CAUSE OF ACTION

**(Tortious Interference with Economic Relations)**

64.) Ranlife incorporates by reference the preceding paragraphs in this Complaint.

65.) Experian is intentionally interfering with Ranlife's economic relations with, among others, the GSEs and other entities which require loan servicers to report borrower payments information to Experian.

66.) Experian's conducts its intentional interference through improper means.

67.) Ranlife has been damaged by Experian's intentional interference due to its loss of ability to earn valuable fees and other payments for servicing loans.

## THIRD CAUSE OF ACTION

### (Defamation)

68.) Ranlife incorporates by reference the preceding paragraphs in this Complaint.

69.) Experian made oral or written statements to third-parties which call into question Ranlife's honesty, integrity, ethics, law-abidance, reputation, and/or other aspects of the company's business or character which purportedly warrant Ranlife being blacklisted by Experian.

70.) Experian's statements at issue are false.

71.) Experian's statements at issue are defamatory.

72.) Experian's statements at issue are not privileged.

73.) Ranlife is not a public official or public figure.

74.) Experian's statements at issue about Ranlife do not go to a matter of public concern.

75.) Experian's statements at issue about Ranlife are reasonably understood by those who receive them as referring to Ranlife.

76.) Experian's statements at issue are made with actual malice and are knowingly false or are made with an intentional disregard for the truth, or in the alternative are made negligently.

77.) Ranlife is harmed by Experian's defamatory statements since they result in other persons or entities not wanting to do business with Ranlife.  This results in Ranlife losing valuable services or profitable business opportunities.  Ranlife must obtain comparable services at lower quality and greater costs and/or must obtain comparable business opportunities which are less

profitable.

## PRAYER FOR RELIEF

Wherefore, Ranlife respectfully seeks as relief:

a. Injunctive relief against Experian to prohibits Experian's continued unfair and discriminatory practices;

b. Damages, and/or the greater of treble Ranlife's damages sustained or statutory damages;

c. Ranlife's costs and attorney's fees; and

d. Such other relief as the Court deems proper.

Dated: April 29, 2021

STRONG & HANNI, PC

*/s/ Ryan C. Bullock*
Ryan C. Bullock


WEINER BRODSKY KIDER, PC

*/s/ Jason W. McElroy*
Jason W. McElroy
Brian M. Serafin

*Attorneys for Plaintiff*